IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEETA PEER, et al. | : |
| | : CIVIL ACTION |
| Plaintiffs, | : |
| | : NO. 13-6255 |
| v. | : |
| | : |
| KURTIS L. WILLIAMS, et al., | : |
| | : |
| Defendants. | : |

MEMORANDUM

YOHN, J.                                                                                                                May 13, 2014

Meeta and Devendra Peer, husband and wife, bring this diversity action against Kurtis L. Williams[1] ("Williams"), Greyhound Lines, Inc. ("Greyhound"), Peter Pan Bus Lines, Inc. ("Peter Pan"), and Boltbus (collectively "defendants") stemming from a vehicle accident that took place in Newark, Delaware. Presently before me are the defendants' motion to dismiss for improper venue or transfer to the District of Delaware, the plaintiffs' response, and the defendants' reply. Because the defendants have failed to establish that venue is improper, I must deny the motion.

**I. BACKGROUND**

This case arises out of a motor vehicle accident that occurred on October 28, 2011, at a highway rest stop located in Newark, Delaware. The plaintiffs allege that defendant Williams was negligently operating a bus when he struck the plaintiffs' legally parked car while Meeta Peer was sitting in the backseat. As a result of the accident, the plaintiffs allege that Meeta Peer

---

[1] According to the defendants, "Kurtis L. Williams" is properly spelled as "Curtis L. Williams." For this motion, I will use the spelling as it appears on the court docket.

suffered serious and permanent injuries, and Devendra Peer suffered the loss of his wife's services, support, and consortium.

The plaintiffs allege that Williams is an employee of Boltbus, a fictitious name jointly and/or severally owned by Greyhound and Peter Pan. Boltbus's principal place of business is in New Jersey. Greyhound's principal place of business is in Texas. Peter Pan's principal place of business is in Massachusetts. The plaintiffs served Williams at the New Jersey headquarters for Boltbus, but make no allegation regarding his residency in the complaint. The defendants state in their brief that Williams's "last known residence" was in Maryland, but provide no supporting evidence of this allegation and give no indication when Williams may have lived in Maryland.

On October 25, 2013, the plaintiffs filed a complaint with this court. On February 14, 2014, the defendants moved to dismiss for improper venue or transfer to the District of Delaware. The plaintiffs responded on March 3, 2014, and the defendants replied on March 5, 2014.

## II. DISCUSSION

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, the defendants move to dismiss for improper venue or, in the alternative, transfer the matter to the United States District Court for the District of Delaware. The defendant bears the burden of proving that venue is improper. *Meyers v. American Dental Ass'n.*, 695 F.2d 716, 724-25 (3d Cir. 1981). Thus, it is not necessary for a plaintiff to include allegations in the complaint showing that venue is proper. *Id.* at 724.

Venue is governed by 28 U.S.C. § 1391(b) which provides that a civil action, premised on diversity jurisdiction, may only be brought in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;[2]

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For the purposes of venue, a natural person resides "in the judicial district in which that person is domiciled." A corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action." 28 U.S.C. § 1391(c)(2); see also, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (venue is proper in the judicial district in which the corporation is doing business).

    The defendants argue that venue is improper under both § 1391(b)(1), because not all the defendants are residents of Pennsylvania, and § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in Delaware. In their response, the plaintiffs do not contest that a substantial part of the events giving rise to the claim occurred in Delaware. However, the plaintiffs do contest whether all the defendants are residents of Pennsylvania.[3]

    In support of their motion to dismiss for improper venue pursuant to § 1391(b)(1), the defendants claim in their brief that Williams is not a Pennsylvania resident. To support this assertion, the defendants first argue that the plaintiffs do not allege that defendant Williams is a

---

[2] The plaintiffs seem to be under the impression that venue in a diversity case is proper in the district where all the plaintiffs reside in addition to the district where all the defendants reside. However, under 28 U.S.C. § 1391, as amended effective December 1, 1990, a diversity action may be brought in a judicial district based only on the defendants' residency, not the plaintiffs' residency. See *Richards v. Anderson*, No. 91-5380, 1991 U.S. Dist. LEXIS 18288 (December 17, 1991) (explaining the, then, recent change to the venue statute); see also Civil Justice Reform Act of 1990, Pub. L. No. 101-650 § 311, 104 Stat. 5114. As is evident in the current statute, venue may be brought pursuant to 28 U.S.C. § 1391(b)(1) only in the district "in which any defendant resides, if all defendants are residents of the State in which the district is located."

[3] None of the parties seems to contest that the corporate defendants do business in Pennsylvania and are subject to personal jurisdiction here.

Pennsylvania resident. However, the defendants bear the burden of proving venue, and the plaintiffs are not required to allege the facts necessary to establish venue in their complaint. The defendants next allege that the "last known residence" for Williams was located in Laurel, Maryland. However, the defendants do not offer any evidence to support this allegation, nor do they offer any estimated dates for when Williams lived in Laurel, Maryland. An unsubstantiated assertion solely in the defendants' brief submitted by counsel regarding Williams's residence, which fails to even hint at a timeline for the facts alleged, is insufficient to establish that venue is improper. Thus, the defendants have not sufficiently carried their burden to allow me to dismiss or transfer for venue pursuant to § 1391(b)(1).[4]

**III. Conclusion**

    The motion is denied. An appropriate order will follow.

---

[4] I note that, if Williams is a Pennsylvania resident, diversity will be destroyed, as the plaintiffs are also residents of Pennsylvania. Accordingly, this court would not have subject matter jurisdiction over this matter. In the alternative, if Williams is not a Pennsylvania resident, then venue will be improper, as the plaintiffs have not supported an allegation that a substantial part of the events giving rise to the claim occurred in this district. Either way, this court is unlikely to retain jurisdiction of this matter for much longer. But as it stands now, I do not have sufficient information to dismiss or transfer for improper venue, or dismiss for lack of subject matter jurisdiction.