IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MEETA PEER, et al. | : |  |
|  | : | CIVIL ACTION |
| Plaintiffs, | : |  |
|  | : | NO. 13-6255 |
| v. | : |  |
|  | : |  |
| KURTIS L. WILLIAMS, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

MEMORANDUM

YOHN, J.                                                                                           September 5, 2014

Meeta and Devendra Peer, husband and wife, bring this diversity action against Kurtis L. Williams[1] ("Williams"), Greyhound Lines, Inc. ("Greyhound"), Peter Pan Bus Lines, Inc. ("Peter Pan"), and Boltbus (collectively "defendants") stemming from a vehicle accident that took place in Newark, Delaware. Presently before me are the defendants' second motion to dismiss for improper venue or transfer to the District of Delaware, and the plaintiffs' response. Because all the defendants do not reside in Pennsylvania, and the events giving rise to the claim did not occur in Pennsylvania, I will grant defendants' motion to transfer venue to the District of Delaware.

**I. BACKGROUND**

This case arises out of a motor vehicle accident that occurred on October 28, 2011, at a highway rest stop located in Newark, Delaware. The plaintiffs allege that defendant Williams was negligently operating a bus when he struck the plaintiffs' legally parked care while Meeta Peer was sitting in the backseat. As a result of the accident, the plaintiffs allege that Meeta Peer

---

[1] According to the defendants, "Kurtis L. Williams" is properly spelled as "Curtis L. Williams."

suffered serious and permanent injuries, and Devendra Peer suffered the loss of his wife's services, support, and consortium.

The plaintiffs allege that Williams is an employee of Boltbus, a fictitious name jointly and/or severally owned by Greyhound and Peter Pan. Boltbus's principal place of business is in New Jersey. Greyhound's principal place of business is in Texas. Peter Pan's principal place of business is in Massachusetts. The plaintiffs served Williams at the New Jersey headquarters for Boltbus, but make no allegation regarding his residency in the complaint. According to the defendants, Williams resides in Laurel, Maryland and has never resided in Pennsylvania.

On October 25, 2013, the plaintiffs filed a complaint with this court. On February 14, 2014, the defendants moved to dismiss for improper venue or to transfer to the District of Delaware. The defendants argued that venue here is improper under both § 1391(b)(1), because not all the defendants are residents of Pennsylvania, and § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in Delaware. I denied the motion to dismiss because the defendants had failed to offer evidence to support the unsubstantiated assertion found solely in the defendants' brief submitted by counsel that Williams was not a resident of Pennsylvania.

On July 2, 2014, the defendants renewed the motion to dismiss or transfer venue. The plaintiffs responded on July 22, 2014

## II. DISCUSSION

Venue is governed by 28 U.S.C. § 1391(b) which provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For the purposes of venue, a natural person resides "in the judicial district in which that person is domiciled." The defendants have provided information showing that Williams is not, and has never been, domiciled in Pennsylvania. Specifically, the defendants submitted an affidavit of Laura Zapien, a Regional Human Resources Manager for Greyhound, Williams's employer. In the affidavit Zapien affirms that Williams was domiciled at an address in Laurel, Maryland at the time of the accident. Furthermore, Zapien affirms that Greyhound hired an investigator who conducted a "skip trace" nationwide search and found that Williams currently resides at the same address in Laurel, Maryland. Finally, the investigator failed to uncover any evidence that Williams ever resided in Pennsylvania. The plaintiff does not refute this evidence. Accordingly, venue is not appropriate in Pennsylvania pursuant to the first prong of the venue statute because not <u>all</u> of the defendants reside in Pennsylvania.

Next, the plaintiffs' complaint alleges that the events giving rise to the claim occurred in Delaware. Accordingly, venue is not appropriate in Pennsylvania pursuant to the second prong of the venue statute.

In their brief, the plaintiffs argue extensively that venue is proper in this district because the court may exercise personal jurisdiction over the corporate defendants. However, the statute clearly states that the third prong, to which personal jurisdiction is relevant, may provide the basis for venue only "if there is no district in which an action may otherwise be brought." As the action may be brought in the District of Delaware because it is the district in which a substantial

part of the events giving rise to the claim occurred, this court may not grant venue based on its ability to exercise personal jurisdiction over the corporate defendants.

Accordingly, I will grant defendants' motion to transfer this matter to the District of Delaware.